PERRY A. GIBSON v. ANNA B. SHORB.

No. 181.

1. PLEADING AND PRACTICE — *Verification of Denial.* Each of the reasons given in section 114 of the code is sufficient within itself to authorize an agent or attorney to verify the denial provided for by section 108 of the code, and is entirely independent of any of the other reasons given in said section 114.

2. ——— ——— *Non-residence of Party — Affidavit of Agent or Attorney.* An affidavit which states that the affiant is attorney for a defendant who is a non-resident or absent from the county, and that affiant is informed and believes that the allegations of the answer are true, is sufficiently verified to meet the requirements of sections 108, 111 and 114 of the code.

Error from Finney district court; A. J. ABBOTT, judge. Opinion filed March 14, 1898. Reversed.

*H. F. Mason,* for plaintiff in error.

*Milton Brown,* and *A. J. Hoskinson,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Finney county by Annie B. Shorb as plaintiff against Emmet C. Gibson, V. D. Gibson, and Perry A. Gibson, partners doing business under the firm name and style of Gibson Bros., to recover the amount due upon a promissory note signed by Gibson Bros.

The petition of the plaintiff alleged the execution by Gibson Bros. of the note sued on, and the indorsement thereon, and the existence of the partnership composed of the three Gibsons above named, as Gibson Bros.

E. C. Gibson answered, denying that Perry A. Gibson was a member of the partnership, admitting the execution of the note, and pleading payment. Perry A. Gibson answered, denying each and every allegation of the petition so far as the same related to him, and "particularly denied that he was a partner in the firm of Gibson Bros. at any time mentioned in said action."

The answer of Perry A. Gibson is verified as follows :

"G. L. Miller, being first duly sworn, on his oath says : That he is attorney for the defendant, Perry A. Gibson ; that said Perry A. Gibson is a non-resident of the state, and is at this time absent therefrom ; that affiant has read the allegations of the foregoing answer, and that the allegations therein contained are true, as affiant is informed and verily believes.

G. L. MILLER.

"Subscribed and sworn to before me, this 5th day of July, 1893. MODE M. PIERCE,
*Clerk of District Court.*"

Upon the trial, plaintiff below introduced evidence tending to show that Perry A. Gibson was a member of the firm, and rested. Perry A. Gibson then offered to introduce his deposition, in which he states that he is not a member of the partnership of Gibson Bros. The plaintiff below objected to the admission of this deposition or any evidence in behalf of Perry A. Gibson, for the reason that his answer was not verified as required by law, and was not so verified as to raise any issue. The court, over the objections and exceptions of Perry A. Gibson, sustained the objection.

The case is brought to this court, and the single question presented, Is the answer properly verified?

The defendants in error rely upon the decision in *Aikin v. Franz*, 2 Kan. App. 75, to support the contention that the verification is insufficient. The opinion in that case does not support this contention. The affidavit of the attorney in that case states that the allegations of the reply "are true, to the best of his information and belief." The affidavit in this case states that the allegations of the answer "are true, as affiant is informed and verily believes." Considered in connection with section 111 of the code, the difference in these two affidavits is very material. "The affidavit shall be sufficient if it state that the affiant believes the facts stated in the pleading."

In *Aikin v. Franz*, supra, the affiant stated that the allegations were true according to the best of his information and belief, without stating that he had any information or belief. The affidavit in this case states that the affiant has information and believes.

In analyzing the provisions of sections 108, 111 and 114 of the code, and applying them to the affidavit of Miller in this case, we must hold the verification sufficient to put in issue the allegations of the existence of the partnership.

Section 108 provides that certain allegations shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent, or attorney. Section 111 provides that if the affidavit states that such party, agent or attorney believes the facts stated in the pleading to be true, it shall be sufficient. Section 114 provides four different grounds upon which the affidavit may be made by the agent or attorney, and the affidavit of the agent or attorney must set forth the reason why it is not made by the party.

Gibson v. Shorb.

The first reason given is,'' when the facts are within the personal knowledge of the agent or attorney.'' The second is, '' when the plaintiff is an infant, or of unsound mind or imprisoned.'' The third is, '' when the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney.'' The fourth is, '' when the party is not a resident of or is absent from the county.''

The question is raised whether either of these four reasons, if stated in the affidavit, is sufficient, or if all must exist to authorize the verification of the denial by the agent or attorney. It is evident that if all four of these reasons must exist an agent or attorney would seldom be able to verify a denial. He must have personal knowledge of the facts, the plaintiff must be an infant or of unsound mind or imprisoned, the agent or attorney must have possession of a written intrument for the payment of money only upon which the pleading is founded, and his principal or client must be a non-resident or absent from the county. It is clear that each of these reasons is sufficient within itself and is entirely independent of any of the other reasons. It therefore follows that an affidavit made by the agent or attorney of a party, which sets forth as a reason why it is not made by the party himself that the party is a non-resident of or absent from the county and that such agent or attorney is informed and believes the facts to be true, is a sufficient verification of the denial mentioned in section 108, *supra*.

The judgment of the district court is reversed and the cause remanded for a new trial.