THE BOARD OF COUNTY COMMISSIONERS OF GARFIELD COUNTY v. J. T. ISENBERG, *Successor to the Wave Printing Company.*

(Filed June 30, 1900.)

ACCOUNT, VERIFICATION OF—*Denial.* By the terms of sec. 3986 Revised Statutes of Oklahoma, 1893, the correctness of any account duly verified by the affidavit of the party, his agent or attorney shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. The affidavit denying the correctness of an account, verified as required by statute, which is made by agent or attorney, must set forth the reasons why it is not made by the party himself, and if it fails to set forth such reasons it is insufficient under the law to question the correctness of the account.

2. SUPPLIES FOR CLERKS OF COURTS.—*"Necessary."* The statutes of Oklahoma give the power to boards of county commissioners to furnish necessary blank books, plats, blanks and stationery for clerks of the district courts, and all books and stationery which tend to expedite or facilitate business in such courts are included in the term necessary, under this provision of the statute.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before* Jno. L. McAtee, *District Judge.*

*O. D. Hubbell,* for plaintiff in error.

*Percy Glaze* and *John F. Curran,* for defendant in error.

STATEMENT OF THE CASE.

On December 1, 1897, defendant in error, plaintiff in the court below, filed his petition in the district court of Garfield county, alleging that defendant was indebted to him for furnishing material for, and printing bar dock-

ets to be used by the clerk of said court; that said dockets were printed by order of the county commissioners, and accepted by them, and used by the clerk of said court; that defendants refused to pay for said material and work, and to said petition was attached a copy of said account duly verified, and marked exhibit "A." Afterwards on the 3d of December, 1897, defendant filed its demurrer to plaintiff's petition, for the reason that said petition did not state facts sufficient to constitute a cause of action. Said demurrer was overruled by the court. Defendant given ten days to answer. Within ten days defendant filed its answer to plaintiff's petition, said answer denying each and every allegation of plaintiff's petition, except that it was a municipal corporation. Said answer was verified by defendant's attorney. On October 19, 1898, plaintiff filed a motion for judgment on the pleadings, on the grounds that defendant's answer was not verified as required by law. Said motion was by the court sustained. Judgment was rendered thereon as prayed for in plaintiff's petition. Which action of the court was excepted to by the defendant. From said judgment and action of the court, plaintiff in error brings this cause here for review.

Opinion of the court by

IRWIN, J.: The first contention of defendant is that said petition does not show that the plaintiff in the court below was the owner of said account, nor show that said account was ever assigned to him. A reference to said petition will show that this suit was brought by the defendant Isenberg, as the successor of the Wave Printing company, and the statements in said petition are that the material was furnished and the printing done by said

successor, and not by the Wave Printing Company; hence no allegation of assignment would be necessary, and the allegation that plaintiff as such successor of the Wave Printing company, furnished the material and actually did the work, would be a sufficient allegation of owner-ship of said account.

Second it is contended by plaintiff in error that the court erred in sustaining plaintiff's motion for judgment on the pleadings. The statutes of Oklahoma of 1893, page 780, sec. 3986, among other provisions contains the following:

"* * * The correctness of any account duly verified by the affidavit of the party, his agent or attorney shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Section 3992 provides:

"When the affidavit is made by the agent or attorney it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only, First, when the facts are within the personal knowledge of the agent or attorney; second, when the plaintiff is an infant or of unsound mind, or imprisoned; third, when the pleading to be verified is founded upon a written in-strument for the payment of money only, and such instru-ment is in the possession of the agent or attorney; fourth, when the party is not a resident of, or is absent from the county."

Now it seems to us that a fair construction of this sec-tion would mean that some reason must be given by said affidavit why it was not signed by the party or the proper officer; that is, some showing should be made that this affidavit falls within one or the other of the four classes set forth in the section, because, unless it does, the agent or attorney has no authority to verify such an affidavit.

Now in this case the verification of the plea denying this account is signed and sworn to by the attorney. No reason is given why it is not signed and sworn to by the proper officer; no attempt is made to bring it within any one of the four classes or subdivisions mentioned in section 3992 of the statute. This being true, this verification comes far short of meeting the requirements of the statute, and hence must be held as no verification at all, and under the provisions of sec. 3986, the correctness of plaintiff's account must be taken as true. This being true, the court was correct in his ruling in sustaining the motion of plaintiff for judgment on the pleadings.

It is contended by plaintiff in error that the board of county commissioners had no power or authority to provide for bar dockets for the clerk of the district court. Section 1785, subdivision 5, of the Statutes of Oklahoma of 1893, as to the powers of the board of county commissioners, reads as follows:

"To furnish necessary blank books, plats, blanks and stationery for clerks of the district court."

Now it is a well known fact that bar dockets are necessary for the use and convenience of the clerk of the court, as well as the members of the bar, and they tend to facilitate and expedite the business of the court. And we take it that when the law provides that certain officers shall have the power to furnish stationery, blanks and books, it imposed upon them the duty to furnish all such books, blanks and stationery, as are necessary, and that included in the term necessary is all such books, blanks and stationery as tend to facilitate and expedite the business of said court, and tend to the convenience of the clerk in the dis-

charge of his duty. And that bar dockets are of this class, no person who has given the subject the slightest attention will dispute. So far as we can ascertain, the courts have invariably held that the term necessary is not limited to such things as are absolutely indispensable. but include all such things as are proper, useful and suitable for the purpose; and measured by this rule, there can be no doubt that the bar docket, such as is the subject of this controversy, is not only proper and useful, but necessary.

In the case of *DeKalb County v. Beveridge*, reported in the 16th Ill. page 312, the court held that although the statute had not specified lights and fuel in express terms as being among the items to be provided by the county for the clerk's office, such items were nevertheless a county charge, since the clerk's office was not sufficiently furnished for the convenience and comfortable transaction of public business without them.

The court there said:

"In provisions of this kind some things must necessarily be implied."

While it might be contended that the business of the clerk's office and the discharge of the business of the court could be carried on without a bar docket, and that said bar docket was not absolutely indispensable, still if such bar docket tends to the convenience of the clerk, and tends to expedite and facilitate business, then it is a proper and necessary expense, which it is the duty of the board of county commissioners to meet. Hence in this case we think the ruling of the court was correct, the judg-

ment was just, and for that reason the judgment of the lower court is affirmed.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.