## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO. v. E. F. MITCHELL.

### (Filed October 12, 1907.)

1. APPEAL—Review—Question of Fact. Where the evidence, as contained in the record, reasonably tends to support the findings of the jury, this court will not disturb such findings on a question of fact.

2. PLEADING—Allegation of Agency—Insufficiency of Denial. Where the allegations of the petition set up the authority of the agent, a plea denying this authority which is not in conformity with section 4318 of Wilson's Statutes, and does not bring the plea within any of the grounds therein provided, is not sufficient to raise the issue of authority.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before F. E. Gillette, Trial Judge.*

Affirmed.

*M. A. Low, Blake, Blake & Low,* and *W. C. Stevens,* for plaintiff in error.

*J. L. Hamon* and *Chas. Mitschrich,* for defendant in error.

### STATEMENT OF FACT.

This was an action commenced in the district court of Comance county on the 26th day of September, 1902, to recover from the defendant damages for the breach of a certain contract set forth in the petition of plaintiff. By the terms of the petition it is alleged: That the defendant was a railway corporation, and during and between the 15th of July, 1901, and the 15th of August, 1901, E. W. Thompson was its assistant general passenger and transfer agent west of the Missouri river, and as such agent had authority to make the contract set out in the petition. That on July 28, 1901, the said company, through its said agent, entered into a contract with the plaintiff to establish a bus and trans-

fer line between Fort Sill and Lawton and the town of Marlow, said town of Marlow being the nearest point on the railway of said company to Fort Sill and Lawton, the company at that time not having adequate facilities for transporting passengers from Marlow to Fort Sill and Lawton. That by the terms of said agreement and contract so made by the agent of the company with the plaintiff the said company was to transport from Kansas City, Missouri, to Marlow, I. T., such wagons, harness, mules, and equipments as might be necessary for the purpose of carrying out the contract and establishing a bus and transfer line from Marlow, I. T., to Fort Sill and Lawton, Oklahoma, the same to be conveyed by the company free of charge; that is, the plaintiff in the first instance was to pay the freight, and it was to be remitted to him by the company. That in pursuance of said contract the plaintiff purchased at a large expense mules, wagons, harness, and equipments necessary for the carrying out of said contract, delivered them to the company, which, under the terms of the contract, was to be sent by the company in one train as expeditiously and rapidly as possible from the point of shipment to the point of destination. That when the mules, wagons, harness, and equipments was so purchased by the plaintiff, he delivered the same to the company's agent at Kansas City, Mo., and notified them of the necessity for immediate shipment and continuous rapid transportation, and that, notwithstanding such notice and the terms of said contract, the plaintiff failed, neglected, and refused to send the said equipments through in one train, or with reasonable dispatch, but divided the same into different trains, delayed the shipment unnecessarily, and consumed much more time than was reasonable in the shipment of the said mules, wagons, harness, and equipments, in consequence of which the animals because badly damaged, emaciated for want of food, sick, injured, and some of them died. That plaintiff, at the time of delivering said shipment to said company, paid the charges for such shipment. That, in consequence of the negligent manner of

the shipment and delay unnecessarily occasioned thereby, the plaintiff was injured, in this: That he was unable to establish his bus and transfer line between Marlow and Fort Sill and Lawton, and many passengers who were there to be transported, and who had the necessary funds to pay the regular fee of $2.00 each way, were prevented from being accommodated and the plaintiff thereby lost the profits of said business. · That by the loss occasioned by the emaciated condition of his animals, the loss of certain animals and the loss and damage to business, he has been injured in the sum of one thousand dollars, for which he brings this suit. To this petition the defendant filed an answer admitting that it was a corporation, as alleged in the petition, and that E. W. Thompson was on the day stated in the petition the assistant general passenger and transfer agent of the company; but alleged: That Thompson had no authority to make, either as general agent of the company or in any other capacity, and did not make, the agreement with the plaintiff set out in the first cause of action in the petition; that the company did, under contracts, at the time stated in the petition, transport the mules, wagons, and oats over the company's line from Kansas City to Marlow; and alleged that such transportation was done under the provisions of written contracts which were attached as Exhibits A, B, and C, and that such contracts were the only contracts between the parties, and that it had duly complied with all the provisions of the contract on its part; said answer having the following verifications:

"Territory of Oklahoma, Canadian County, ss.:

"C. O. Blake, being duly sworn, on oath states that he is attorney for the above named defendant; that said defendant is a corporation, and that the statements contained in the foregoing answer are true, as affiant is informed and verily believes.

"C. O. Blake.

"Subscribed and sworn to before me this 4th day of March, A. D., 1904.

"John Livingston, Notary Public."

The plaintiff replied with a reply of general denial. Cause was

tried to a jury, and judgment rendered in favor of the plaintiff. Motion for new trial was filed in due time, overruled, and exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: A reversal of this case is asked for on three grounds: First, the evidence does not support the allegation that a contract was actually made. This is purely a question of fact, and there is evidence in the record for and against the proposition. To say the least, it is conflicting, and we are not prepared, on an examination of the record, to say that the evidence does not reasonably tend to support the findings of the jury, and, under the well-recognized and oft-repeated rule of this court, the verdict of the jury will not be disturbed by this court for this reason. Second, The authority of the agent making the contract to bind the company is not shown. The question presented by this contention is: Was E. W. Thompson, the A. G. P. & T. A. of the company, authorized to make the contract sued on?

Wilson's Revised Statutes, sec. 4312:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correction of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Section 4314:

"If there be several persons united in interest and pleading together, the affidavit may be made by any one of such parties. When a municipal or other corporation is a party, the verification may be made by an officer thereof, its agent or attorney."

Section 4318:

"When the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only: First. When the facts are within the personal knowledge of the agent or at-

torney. Second. When the plaintiff is an infant, or of unsound mind, or imprisoned. Third. When the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney. Fourth. When the party is not a resident of, or is absent from the county."

It will be noticed that section 4318 follows both of the other sections quoted, and seems to apply equally to both. There is nothing in this language which seems to make any distinction between a party (natural person) and a party (corporation), nor from which any intention to make a distinction can be inferred. The word "party", as used in these sections, evidently means party to the suit, regardless of whether a natural person or a corporation, and it was necessary for the legislature to provide some means of verification by some direct representative thereof, which they did by providing that in case a corporation was a party the verification might be made by an officer thereof, its agent or attorney, and there is nothing in the language of the act which exempts a corporation from the general rule laid down in section 4318, that when made by an agent or attorney it must set forth the reason why it is not made by the party himself, which must be stated in the affidavit for verification; and section 4314 does not in our judgment add any additional reason for verification by agent or attorney (that defendant is a corporation), but simply provides who shall be the direct representative of the corporation for the purpose of making the affidavit, but permits the same to be made by its agent or attorney upon the same terms and subject to the same rules and restrictions as are imposed on natural persons.

This seems to be the view taken by the supreme court of this territory in the case of *County Commissioners v. Isenberg*, 10 Okla. 380, where this court says:

"Now, it seems to us that a fair construction of this section would mean that some reason must be given by said affidavit why it is not signed by the party or the proper officer; that is, some showing should be made that this affidavit falls within one

or the other of the four classes set forth in the section, because, unless it does, the agent or attorney has no authority to verify such an affidavit. Now, in this case the verification of the plea denying this account is signed and sworn to by the attorney. No reason is given why it is not signed and sworn to by the proper officer; no attempt is made to bring it within any one of the four classes or sub-divisions mentioned in section 3992 (section 4318, Wilson's Statutes) of the statute. This being true, this verification comes far short of meeting the requirements of the statute, and hence must be held as no verification at all, and, under the provisions of section 3986 (section 4312, Wilson's Statutes), the correctness of the plaintiff's account must be taken as true."

Now, this decision of the supreme court of this territory seems to be the settled law upon this proposition, as the same has never been overruled, modified, or changed, and we feel that it is the duty of the court to follow the rule there laid down, notwithstanding the serious criticism made upon this decision by the attorneys for the plaintiff in error. We have examined their brief on this subject, and find no new authorities cited, but simply a re-citing of the same authorities that were presented to the court in the case of *County Commissioners v. Isenberg, supra.*

There is one feature of plaintiff in error's brief on this subject that we do not think should be allowed to pass unnoticed, and that is where they make an unauthorized and unusual statement in their reply brief, to-wit: "This construction of the statute would fill the cup of joy of——— and ——— to the brim—" referring to two attorneys having no apparent connection with this case. We have searched the entire record and can find nothing therein which directly or indirectly connects these gentlemen with the case. These gentlemen, so far as the record discloses, have no interest in the case, and have taken no part in it in any way, and we are at a loss to know how counsel for plaintiff in error could so far forget their duty as attorneys, and transgress the rules of professional ethics to the extent of dragging their names into this brief for the purpose of casting aspersions or making reflections against them. We think it is hardly the proper place, in

a brief addressed to the supreme court of this territory to indulge in slurs, inuendos, or abuse, and an attorney who will indulge in any such practice is certainly unmindful of his duty as an attorney, and forgetful of the proprieties that should be observed by him as a gentleman, and for that reason we here and now desire to put the seal of our condemnation upon such practice, and warn the attorneys that it will not be tolerated in this court.

Under the rulings of this court in the case of *County Commissioners v. Isenberg,* which we believe to be the settled law upon the subject, we think the authority of the agent making this contract is confessed by the pleadings.

The only remaining assignment of error is that the court erred in his instructions to the jury. We have carefully examined these instructions, and believe that in view of the law as here laid down the instructions correctly stated the law.

Finding no substantial error in the record, the judgment of the district court is affirmed, at the costs of the plaintiff in error.

Gillette, J., who presided in the court below, not sitting; Pancoast and Garber, JJ.; absent; all the other Justices concurring.