## COUCH v. SPENCER.

No. 1233.    Opinion Filed March 19, 1912.

(122 Pac. 647.)

1. **APPEAL AND ERROR**—Presenting Questions for Review—Exceptions. This court will not consider alleged errors of the trial court, unless such errors were excepted to in the trial of the cause.

2. **SAME**—Review—Questions of Fact. Where there is a conflict in the evidence on the material points in a case, and the case is submitted to a jury under proper instructions, and a verdict is returned by the jury, if there is sufficient evidence to reasonably support the verdict, it will not be disturbed on appeal.

3. **SAME**—Record—Questions Presented for Review. Where the record on appeal makes no mention of motion for judgment on the pleadings, alleged error in overruling the motion will not be considered.

4. **NEW TRIAL**—New Trial as of Right—Statutory Provisions. Under Wilson's Rev. & Ann. St. 1903, sec. 4792, a petition, styled an action in ejectment, but in effect an action for damages for being prohibited from making a crop on leased premises during a given season, does not authorize a new trial as of right.

(Syllabus by Harrison, C.)

*Error from District Court, Ellis County;*
*G. A. Brown, Judge.*

Action by W. P. Couch against I. W. Spencer for damages and to recover possession under a lease. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. L. Adkins,* for plaintiff in error.

*S. A. Miller,* for defendant in error.

Opinion by HARRISON, C. This action was begun August 20, 1908, by the plaintiff in error, W. P. Couch, who, in substance, alleged that on March 6, 1908, he leased by verbal contract from one E. C. Gray, for the year 1908, a certain 160-acre tract of land situated in Ellis county; that about March 30th

the defendant, I. W. Spencer, entered upon the premises and wrongfully ejected plaintiff therefrom, turned his cattle out of the pasture, prevented him from making a crop thereon, and damaged him, by reason of such wrongful ejection, in the sum of $1,000.

Defendant denied the allegations in plaintiff's petition, and claimed to have leased said premises under a written contract from one S. A. Miller on March 30, 1908, and also, by way of cross-action, demanded damages of plaintiff in the sum of $262, because of an order of injunction alleged to have been wrongfully procured by plaintiff against the defendant, and that, by reason of such order of injunction, he was prevented from gathering and marketing his corn and broom-corn crop, and thereby damaged in the amount stated above. Plaintiff replied to the new matter set up in the answer, and the issues were thus joined.

The record shows that on November 25, 1908, the same being one of the judicial days of the regular November term of district court for Ellis county, both parties appeared in person and by counsel and announced ready for trial; whereupon a jury, having been demanded, was duly selected, impaneled, and sworn to try the cause, after which the pleadings in the case were read, and the plaintiff offered his testimony, including a number of witnesses and a number of letters pertaining to the leasing of the land, and rested. Thereupon defendant introduced his evidence, including a number of witnesses and several letters, and closed. Plaintiff then offered evidence in rebuttal, and both parties rested their case. On this evidence, under the instructions of the court, the case was submitted to the jury, resulting in a verdict in favor of the defendant. Motion for new trial by plaintiff having been overruled, the cause was brought here on appeal.

The questions presented by plaintiff in error are:

(1) "The trial court erred in not granting plaintiff in error judgment on his pleadings; the same having been requested by proper motion of the plaintiff."

(2) "The trial court erred in failing to vacate said judgment and to permit the action to stand for trial at the next term of court."

(3) "The trial court erred in overruling the plaintiff in error's motion for a new trial."

As to the first proposition, that the court erred in overruling plaintiff's motion for judgment on the pleadings, there being no record of any such motion, or of any proceedings had relating to such a motion, the record making no mention of any such motion, we have nothing before us upon which to decide that proposition. We find the following motion of plaintiff and order of court sustaining same:

"Comes now the plaintiff, W. P. Couch, in the above entitled and numbered cause, and moves the court that the demurrer now pending in the above entitled and numbered cause filed by defendant be stricken from the file for the following reasons, to wit: The defendant had, according to the pleading, up until September 18, A. D. 1908, to answer plaintiff's petition in the above entitled and numbered cause, and the file shows that the demurrer was not so filed, and was not filed until October 12, A. D. 1908. Whereas the plaintiff prays the court that his motion be allowed, and that defendant's demurrer be stricken from the file."

"And now the cause comes on for hearing before the court, the plaintiff being present in person and by counsel, H. L. Adkins, and the defendant is present in person and by counsel, S. A. Miller; whereupon the motion to strike demurrer of defendant from the files is presented by the plaintiff, and the court, after hearing the argument and being fully advised in the premises, sustains said motion, and leave is granted by the court for the defendant to file a general demurrer instanter to plaintiff's petition; and now, at this time, this cause coming on for hearing upon demurrer filed by defendant herein, and the court, after hearing the argument of counsel and being fully advised in the premises, overrules said demurrer; and leave is granted by the court for the defendant to file answer herein instanter. Ordered by the court that the cause herein be and the same is continued for the term, by and with the consent of both parties, until the next regular term of this court. Arnett, Oklahoma, November 16, 1908."

The foregoing is the motion which plaintiff, in his motion for a new trial, claims was based upon the grounds that the defendant had not answered plaintiff's petition within the time required by law. No mention is made, either in the motion or the order of the court sustaining same, of the question of judgment on the pleadings; hence the silence of the record disposes of that proposition.

On the second assignment of error, that plaintiff was entitled to a second trial as a matter of right, section 4792, Wilson's Rev. & Ann. St. 1903, reads:

"In an action for the recovery of real property, the party against whom judgment is rendered may, at any time during the term at which the judgment is rendered, demand another trial, by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term."

This statute was repealed February 9, 1909 (page 469, Sess. Laws 1909), the repeal effective May 10, 1909, more than seven months before this case was filed here; yet, under said section, plaintiff might have been entitled to a second trial at the time the trial of this cause was had, if the nature of this action brought him within this statute; but, while his petition is styled an action in ejectment, it was in effect an action for damages for being prohibited from making a crop on the place during the season in question, which season was over at the time the action was brought, and we think the demand for a second trial was properly denied.

As to the third assignment of error, we agree with counsel that the proposition of law presented is correct; but, as the evidence is conflicting, and as it was submitted to the jury under proper instructions, it was the jury's province to weigh it, to test the credibility of the witnesses, and decide the weight to be given their testimony, and, having done so, there being sufficient competent evidence to reasonably support the verdict, such verdict will not be disturbed on appeal.

"Where there is evidence reasonably tending to support a verdict, it is conclusive on the Supreme Court." (*Covington v.*

*Fisher,* 22 Okla. 207, 97 Pac. 615; *Chicago, R. I. & P. Ry. Co. v. Mitchell,* 19 Okla. 579, 101 Pac. 850.)

"A verdict reasonably supported by the evidence will not be disturbed on appeal." (*Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570.)

"Where controverted questions of fact are submitted to a jury, and the evidence reasonably tends to support the verdict, the appellate court will not disturb the verdict." (*Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052.)

"A verdict of negligence which there is evidence to support will not be disturbed." (*Chicago, etc., R. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523.)

"When controverted questions of fact are submitted to a jury, and the evidence adduced is conflicting and contradictory, but there is competent evidence reasonably tending to support the verdict, and the trial court approves the same, and renders judgment in accordance therewith, and a motion for new trial is denied, this court will not disturb the verdict of the jury and the judgment of the court on the weight of evidence." (*Armstrong, Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855.)

"Where the evidence is conflicting and reasonably tends to support the verdict, it will not be disturbed in the Supreme Court." (*Kaufman v. Boismier,* 25 Okla. 252, 105 Pac. 326.)

The material point of conflict in the testimony was whether the plaintiff, Couch, about the 15th or 20th of March, in his pool hall or saloon at Higgins, Tex., had stated to the son of defendant that he (Couch) had not leased the land for that year; that he had let his lease run out. Young Spencer testified:

"A. I went to Mr. Couch to rent the place, yes, sir, and asked him about it: He says, 'My lease has run out, and I have not got it rented.' He says, 'I am trying to get it.' Q. When was that, if you know; what date? A. Well, sir, I don't remember the date exactly; it was between the 15th and 20th of March."

He was corroborated in this statement by the witness Moore. This statement is denied by plaintiff. The jury had this evidence before them, and rendered their verdict on what, in their judgment, was the weight of evidence; and under the rules of this court, their verdict will not be disturbed.

The judgment of the lower court should, therefore, be affirmed.

By the Court: It is so ordered.