## ALDRED v. RAY.

No. 4834.    Opinion Filed September 14. 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 664.)

1.  **PLEADING—Verification by Agent or Attorney—Requisites.** The verification of a pleading, when made by an attorney or agent of the party, must, under the provisions of section 5654. Comp. Laws 1909, set forth why it is not made by the party himself; that is, some showing must be made that the facts are within the personal knowledge of the agent or attorney, or that, if the party is a plaintiff, he is an infant or of unsound mind, or imprisoned, or that the pleading to be verified is founded upon a written instrument for the payment of money only, and that such instrument is in the possession of the agent or attorney, or that the party is not a resident of or is absent from the state.

2.  **EVIDENCE — Statement Against Interest — Admissibility.** Any statement made by a party to an action which is against his own interest and which, in its nature, tends to establish or disprove any material fact, or alleged material fact, in the case is competent to be put in evidence against him in the trial of that action.

3.  **EVIDENCE—Sufficiency of Evidence—Inadvertent Misstatement of Witness.** An assignment of error that the judgment of a court is not sustained by the evidence cannot properly be predicated on a manifestly inadvertent misstatement of fact by a witness if, from the whole of the witness's testimony, the error is patent and the true meaning of the witness's statement can be correctly determined and the testimony, correctly interpreted, will sustain the judgment.

(Syllabus by Wilson, C.)

*Error from County Court, Woodward County;*
*Clyde H. Wyand, Judge.*

Action by Claud Ray against S. C. Aldred. Judgment for plaintiff, and defendant brings error. Affirmed.

*Charles Swindall,* for plaintiff in error.

*C. W. Herod,* for defendant in error.

Opinion by WILSON, C.· This action was com-menced in a justice of the peace court in Woodward county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, by filing with the justice of the peace a complaint which was verified as follows, omitting the jurat:

"STATE OF OKLAHOMA, WOODWARD COUNTY—SS.:

"E. M. McCune, being first duly sworn, on oath says that he is the agent of said plaintiff; that he has read the foregoing petition and knows the contents thereof, and that the facts therein stated are true.

"E. M. McCUNE."

Upon the complaint being filed summons was issued and served, whereupon the defendant, in due course of time, appeared specially, and moved the court to quash and hold for naught the pretended summons, for the reasons, among others:

First, "that at the time said alleged and pretended summons was issued in said cause the same was void for the reason that no complaint or bill of particulars had been filed under oath as required by law;" and, second, "that no sufficient showing was made by the plaintiff for having said complaint verified by agent, instead of personally by plaintiff, as required by law."

This motion was overruled, and an exception saved and a demurrer to the complaint filed for the same reasons, among others, which demurrer was overruled and an exception to the ruling of the court saved by the defendant, whereupon an answer was filed and a trial had in due course of time, which resulted in a judgment for the defendant, and the case was appealed to the county court, where the motion and demurrer were refiled by leave of court, in their proper order, and overruled and excep-

tions saved. Upon defendant's motion to quash and demurrer being overruled by the court he refiled his answer, and in due course of time a trial was had, over his objection to the introduction of evidence, and, a judgment being rendered against him and his motion for a new trial being overruled, he appealed to this court by filing herein a petition in error, with a case-made attached.

Plaintiff in error, in his brief, submits his case on two propositions: First, that the court erred in not sustaining his motion to quash the summons in the case because the complaint was not properly verified, alleging that there was no reason shown in the affidavit why the complaint was not verified by the plaintiff instead of his agent; and, second, he challenges the competency and sufficiency of the evidence submitted on behalf of the plaintiff.

The first contention of the plaintff in error raises the question whether the verification of the complaint conformed to the statute governing the verification of pleadings by attorneys and agents, a question which seems to have been fully settled in this jurisdiction adversely to plaintiff in error's contention. Section 6433 (Comp. Laws 1909) of the forcible entry and detainer statute, under which this action was commenced in the justice court, provides that:

"The summons shall not issue herein until the plaintiff shall have filed his complaint in writing under oath, with the justice. * * *"

Section 5654, Comp. Laws 1909, provides that:

"Where the affidavit [verifying a pleading] is made by the agent or attorney, it must set forth the reason

why it is not made by the party himself.   It can be made by the agent or attorney only; 1st.   When the facts are within the personal knowledge of the agent or attorney. 2nd.   When the plaintiff is an infant, or of unsound mind, or imprisoned.   3d.   When the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney.   4th.   When the party is not a resident of, or is absent from the county."

The section last quoted was one of the provisions of the Code of Civil Procedure at the time of the commencement of this action, but section 6455, Comp. Laws 1909, in force at the time, provided:

"The provisions of an act entitled 'An act to establish a code of civil procedure,' which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

Keeping in mind the above-quoted provisions of the statute, the question for determination is: Was the pleading in question properly verified?   We think it was. Section 5654, Comp. Laws 1909, was adopted by our state from the Kansas statute, and the Court of Appeals of that state, passing on a question similar to the one involved here, in the case of *Johnson v. Woodbury Trust Co.*, 57 Pac. 134, held that an affidavit very similar to the one in this case sufficiently complied with the statute. In that case the affidavit read as follows:

"John W. Roberts, of lawful age, being first duly sworn, deposes and says that he is one of the attorneys and agent for the defendant herein; that he is familiar with all the facts set out in the above and foregoing answer, and knows the contents thereof;  *  *  *  and all

the facts and allegations and matters in said answer contained and alleged are true and correct, as I verily believe."

See, also, *Gibson v. Shorb*, 7 Kan. App. 732, 52 Pac. 579.

In the case of the *Board of Commissioners v. Isenberg*, 10 Okla. 378, 61 Pac. 1067, the Supreme Court of the then Territory of Oklahoma, in an opinion by Mr. Justice Irwin, after quoting section 3992 of the Statutes of 1893, that being the same as section 5654 of Compiled Laws 1909, said:

"Now it seems to use that a fair construction of this section would mean that some reason must be given by said affidavit why it was not signed by the party or the proper officer; that is, some showing should be made that this affidavit falls within one or the other of the four classes set forth in the section, because, unless it does, the agent or attorney has no authority to verify such an affidavit."

Again, in the case of *C., R. I. & P. Ry. Co. v. Mitchell*, 19 Okla. 579, 101 Pac. 850, the Supreme Court of the territory expressed the same opinion by quoting its formerly expressed language in the Isenberg Case.

The language used by both the Kansas and Oklahoma courts in construing the section of the statute here under consideration clearly contemplates that, where an affidavit of an attorney or agent, verifying a pleading of his principal, sets forth facts which show that his authority to do so is warranted by either of the four classes set forth in said section, a sufficient reason is thereby set forth why the party himself did not verify the pleadings.

The verifying affidavit in this case recited that E. M. McCune was the agent of the plaintiff; that he had

read the petition and knew the contents thereof and that the facts therein stated were true. This, we believe, brought the allegations of the affidavit sufficiently within the first class of cases in which an agent is authorized to verify a pleading for his principal by section 5654 of Compiled Laws 1909 to justify the verification being made by such agent, and such verification was, on authority of the cases above cited, a sufficient verification of the complaint in question.

On the trial of the case the only proof of the service of the three days' notice required by the forcible entry and detainer statute was the testimony of one Werline, to the effect that he was present at the trial of the case before the justice of the peace and heard the defendant testify that on the 3d day of January, 1911, he was served with a notice to vacate the premises. The plaintiff in error contends that this evidence was not competent, but in that contention he is mistaken, because any statement made by a party to an action which is against his own interest in the case is always competent to be put in evidence against him in that action.

Plaintiff in error also contends that such evidence was insufficient to establish the fact of notice, for the reason that it fixed the date of service more than a year before the commencement of the action, but the testimony of the witness about that matter, taken as a whole, was such that it is apparent that "1911" was inadvertently spoken, and that what he intended to say was "1912," and it can be determined from his entire testimony that he meant 1912.

Finding no substantial error in the case, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.