## WILLOUGHBY v. EDWARDS.

No. 32005. Oct. 23, 1945.

Rehearing Denied Dec. 4, 1945.

*163 P. 2d 958.*

Homer Caldwell, of Oklahoma City, for plaintiff in error.

Bliss Kelly and Harold Dodson, both of Oklahoma City, for defendant in error.

CORN, J. This is an action in forcible entry and detainer involving a business property, instituted in a justice of the

peace court, where judgment was rendered for plaintiff, and was appealed by the defendant to the court of common pleas of Oklahoma county, where judgment was again rendered for plaintiff, and the defendant appealed therefrom to this court. The parties will be referred to herein in the order of their appearance in the courts below.

The defendant offered no evidence at either trial, but comes here on two propositions:

"1. The court erred in overruling the objection of defendant to the introduction of evidence in support of plaintiff's bill of particulars for the reason that the facts therein alleged failed to constitute a cause of action against the defendant herein and for the further reason that under the allegations contained therein the court had no jurisdiction to try the cause.

"2. The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff in said cause."

Under the first proposition the defendant contends there was no sufficient verification of the complaint, which was verified by plaintiff's attorney. No objection to this was raised in the justice court, the defendant demurring to the evidence only. The objection was first raised at the trial in common pleas court, at which time the court allowed the plaintiff to amend the verification by affixing to the complaint the affidavit of A. C. Edwards, son and agent of plaintiff, who testified that the facts were wholly within his knowledge. The affidavit of the agent states that he has read the bill of particulars, knows the contents thereof, and that the statements therein contained are true.

The defendant contends that none of the statutory grounds were set forth in the verification showing why it was made by the agent instead of the plaintiff.

12 O. S. A. 1941 § 292 provides as follows:

"Where the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only:

"First. When the facts are within the personal knowledge of the agent or attorney.

"Second. When the plaintiff is an infant, or of unsound mind, or imprisoned.

"Third. When the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney.

"Fourth. When the party is not a resident of, or is absent from the county."

The defendant takes the position that that the verification should show, not only that the facts are within the personal knowledge of the agent or attorney, but that it should further show why it was not made by the plaintiff.

Under the construction this court has placed upon the statute the verification is sufficient if it shows that the facts are within the personal knowledge of the agent or attorney. In Aldred v. Ray, 54 Okla. 154, 153 P. 664, we held:

"The language used by both the Kansas and Oklahoma courts in construing the section of the statute here under consideration clearly contemplates that, where an affidavit of an attorney or agent, verifying a pleading of his principal, sets forth facts which show that his authority to do so is warranted by either of the four classes set forth in said section, a sufficient reason is thereby set forth why the party himself did not verify the pleadings." Citing: Johnson v. Woodbury Trust Co., 8 Kan. App. 860, 57 P. 134; Gibson v. Shorb, 7 Kan. App. 732, 52 P. 579; C., R. I. & P. Ry. Co. v. Mitchell, 19 Okla. 579, 101 P. 850.

The defendant raised the question of the sufficiency of the description of property in the complaint. This objection is raised for the first time in this court, and under the rule adhered to by

this court in such case, the same will not be considered.

It is contended under defendant's proposition 2 that the plaintiff failed to sustain the complaint by sufficient evidence.

We think the record sufficiently shows the right of possession in the plaintiff, and the unlawful detention by the defendant. The evidence shows that the plaintiff, by her agent, collected the rent from the defendant on the first of each month, on a month to month tenancy, and on the 25th day of January, 1944, served a notice on defendant terminating the tenancy February 29, 1944, and that the defendant failed to surrender possession of the premises.

Objection is also raised as to the sufficiency of the service of the three-day notice upon the defendant by the constable, whose return thereon shows:

"Served B. W. Willoughby by Margaret Barnsdall in charge of the premises who was advised to except service by Mr. Willoughby."

The objection of the defendant to the return was that it did not state that Margaret Barnsdall was a person over 12 years of age. This objection is frivolous where the return shows that she was requested by the defendant to receive the notice from the constable. Such service would constitute personal service where the defendant was present and directed the notice to be handed to Margaret Barnsdall, who, according to the evidence, was the mother of the defendant, and was his employee.

There being no substantial merit in the assignment of error, the judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.