379 P.2d 851 (1962)
In the Matter of the ESTATE of Frank HESS, Deceased.
Frank KRIZ, Jr., Appellant,
v.
Antonie LOJKOVA, Kristina Havelkova and Rudolf Hes, Appellees and Cross-Appellants.
No. 39178.
Supreme Court of Oklahoma.
March 20, 1962.
As Corrected July 16, 1962.
Rehearing Denied September 11, 1962.
Application for Leave to File Second Petition for Rehearing Denied January 29, 1963.
Tom W. Garrett, Harold Dodson, Tom W. Garrett, Jr., Oklahoma City, for appellant.
John R. Keahey, Oklahoma City, for appellees and cross-appellants.
*853 IRWIN, Justice.
In the present cause we are called upon to pass on the correctness of the district court's judgment which affirmed a decree of the county court allowing in part and denying in part the probate of an instrument propounded to it as the will of Frank Hess, deceased. The deceased will be referred to by his name or as decedent and testator. Appellant, Frank Kriz, Jr., was the proponent below. He is decedent's cousin and *854 the principal beneficiary under his will. Cross-appellants, contestants in the lower tribunals, are two sisters and a brother of the deceased and are residents and nationals of Czechoslovakia. Our reference to the parties before us will be by their names or designation below.
Decedent, a celibate all of his life, came to this country from Bohemia (then part of the Austro-Hungarian monarchy) in 1908 at the age of 19. He died in Oklahoma City on October 21, 1957, at the age of 69. His nearest relatives in the United States consist of a number of cousins who are the children of his two deceased aunts: Josephine Macku and Christine Kriz. A paper propounded as the decedent's will was offered for probate by the petition of Frank Kriz, Jr., filed on October 24, 1957. The beneficiaries named in this instrument are all but one of the children of Christine Kriz, and the testamentary dispositions effected are, as follows: (a) a specific devise to Frank Kriz, Jr. of an 80 acre tract of land, being the West one-half of decedent's farm in Cleveland County, Oklahoma; (b) a specific devise of the East one-half of the farm to Albert Kriz; (c) three bequests of $3,000.00 each to Charles Kriz, Bessie Dalton and Christine Henson; (d) a residuary clause in favor of Frank Kriz, Jr.
Before a hearing upon the factum of the will, an objection to its probate was interposed by seven cousins, all of whom were the children of testator's deceased aunt, Josephine Macku. Averring that the brother and sisters in Czechoslovakia "are reputed to have died", the protesting cousins claimed to be decedent's heirs at law and "entitled to inherit one-half undivided interest in the estate". They sought to have the will declared invalid for "undue influence, menace and duress" exerted upon the testator by the beneficiaries, and "particularly" by Frank Kriz, Jr. Prior to hearing testimony in opposition to probate, the county judge evidently called upon protestants to establish that the brother and sisters in Czechoslovakia were in fact dead. This proof was not adduced. The record fails to disclose that any proceeding was ever held upon the merits of the contest. The protest was later "withdrawn and dismissed" by the seven cousins in open court when they became unsuccessful in their attempt to obtain judicial "approval" of a "compromise" alleged to have been reached between themselves and the beneficiaries (but denied by the latter). The will was thereupon admitted to probate by order of January 9, 1958. In an apparent effort to secure an adjudication upon the existence and effect of the purported settlement agreement with the beneficiaries, the protesting cousins appealed to the district court. The district court held adversely to them and affirmed, on February 24, 1958, the county court's order admitting the will to probate. Neither party lodged a further appeal from this decision.
The proceedings presently under review on this appeal had their inception on June 27, 1958, when the brother and sisters living in Czechoslovakia filed in the county court their petition to vacate order admitting the will to probate, alleging, inter alia, that they had discovered the following facts since the will was admitted to probate: (a) testator was incompetent at the time he executed his will; (b) the will was not published, executed and attested in the manner and form prescribed by law; (c) when the will was executed testator remained under the "influence, duress, menace and domination" of Frank Kriz, Jr., his principal beneficiary. Proponent's motions to strike and dismiss this petition were overruled, and contestants were allowed "to present evidence" in support of their allegations. After a hearing on all issues tendered, the county court found that: (a) decedent was mentally competent when he executed his will; (b) the will was published, executed and attested in substantial compliance with the statute; (c) at the time testator executed his will he was subject to undue influence of Frank Kriz, Jr. Based on these findings the county court decreed the will valid and effective in all parts except as to the specific devise and the residuary clause in favor of *855 Frank Kriz, Jr. The assets of the estate which comprised the testamentary dispositions to Frank Kriz, Jr. were declared to pass by intestate succession. This is an appeal from the District Court which affirmed the judgment of the County Court.
Frank Kriz, Jr., proponent of the will, appealed from that portion of the judgment which decreed that the testamentary dispositions to him failed and that this portion should be distributed by intestate succession. The contestants cross-appealed from that portion of the judgment which admitted the will to probate.
In his first proposition proponent asserts that the prior order of the county court admitting the will to probate (on January 9, 1958), operated, upon its affirmance by the district court (on February 24, 1958), to bar contestants herein from instituting "a new and separate contest" from that which was formerly litigated by the protesting cousins. It is urged that the lower court erred in failing to dismiss contestants' petition under the doctrine of res judicata.
The argument so advanced is not well taken. By their petition of June 27, 1958, contestants manifestly invoked the remedy granted under 58 O.S. 1961 § 61, which, so so far as pertinent, provides:
"When a will has been admitted to probate, any person interested therein may at any time within six months from the date the will was admitted to probate contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:
* * * * * *
"3. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or,
"4. That the will was not duly executed and attested."
Under the provisions of the quoted statute, the county court has jurisdiction to entertain, upon the terms and conditions therein specified, a post-probate contest concerning the validity of a will previously admitted. In fact, by force of statute the probate of a will does not become conclusive upon persons who are sui juris until the six-months' period allowed for post-probate contest proceedings shall have expired. 58 O.S. 1961 § 67. When properly invoked within the statutory time, the power vested in the county court to vacate probate is exercisable and remains unimpaired, even though its prior decree allowing probate was affirmed by a higher court, 95 C.J.S Wills § 503a(1), p. 504. The remedy granted by the provisions of 58 O.S. 1961 § 61 is a specific statutory method for contesting a will after its admission to probate, and a proceeding instituted thereunder constitutes a direct attack upon the prior decree of the county court. In re Estate of Hildebrand, 81 Okl. 197, 197 P. 445; In re Felgar's Estate, 207 Okl. 310, 249 P.2d 455, 461. The rule is settled that, "When the judgment of a court is questioned on appeal or in some other manner authorized by law, the attack is said to be direct". Seminole County et al. v. Gulf Pipe Line Co. of Oklahoma, 168 Okl. 136, 32 P.2d 42, 43; Kauffman et al. v. McLaughlin, 189 Okl. 194, 114 P.2d 929, 934. In a direct, as distinguished from a collateral, attack upon a judgment, where the proceeding is brought within the time, and in the manner prescribed by law, the doctrine of res judicata is inapplicable and will not operate to bar such direct attack. 50 C.J.S. Judgments § 594, p. 14; Scott v. Dilks, 47 Cal. App.2d 207, 117 P.2d 700; Clark v. Bowen, 186 Ark. 931, 56 S.W.2d 1032. See in this connection Philip Carey Co. v. Vickers, 53 Okl. 569, 157 P. 299; Pleasant v. Allen Bros., 180 Okl. 518, 71 P.2d 114.
There was no error in overruling proponent's plea of res judicata to contestants' petition for post-probate contest.
We shall now consider the proponent's argument that the district court erred in *856 overruling his demurrer to contestants' petition and his motion to strike the same. In support of this contention proponent points out that (a) contestants' petition to revoke probate was not properly verified as required by 12 O.S. 1961 § 292; (b) counsel for contestants had no authority to verify the same; (c) the petition fails to set forth material facts, discovered since the probate of the will, which show that contestants are "entitled to set aside the probate" on the grounds enumerated in the statute, 58 O.S. 1961 § 61.
The verification attached to contestants' petition was made by their counsel who stated that "he has read the foregoing petition and knows the contents thereof and that the facts and allegations contained are true as he verily believes". Where an attorney's verification of a pleading sets forth that his authority to verify is warranted by either of the four sub-divisions of 12 O.S. 1961 § 292, a sufficient reason appears why the party did not himself verify the pleading. Under the first subdivision of the quoted statute a verification can be made by counsel when the facts are within his personal knowledge. It is clear from the language employed in the affidavit of verification that the facts stated in the petition were within the knowledge of contestants' attorney. The affidavit was therefore sufficient. Railway Express Agency, Inc. v. Jansen, (Okl.), 351 P.2d 1071, 1075; Willoughby v. Edwards, 196 Okl. 201, 163 P.2d 958.
The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. Cummins v. Chandler, 186 Okl. 200, 97 P.2d 765. The party who puts in question an attorney's right to represent an adverse litigant must make a "showing of reasonable grounds therefor", and the court may thereupon require the attorney so challenged "to produce or prove by his oath, or otherwise", the authority under which he assumes to appear. 5 O.S. 1961 § 5. When counsel for contestants was called upon by the county court to produce proof of his right to act for the brother and sisters of decedent, he produced and filed in the cause a written contract of employment signed on April 24, 1958, by all three persons for whom he was appearing. This contract constituted a part of the record when the cause was appealed to the district court. No evidence of any nature was adduced to contradict counsel's employment by the contestants. There was hence no error in failing to dismiss the contest on proponent's contention that counsel for contestants acted without authority when he filed, on June 27, 1958, the petition to vacate probate.
Neither can we agree that the petition to vacate probate is insufficient in form because it lacks material allegations of facts relied upon by the contestants. The petition clearly avers that the facts set forth therein have been discovered by contestants since the probate of the will, and makes detailed allegations of matters concerning the testator's mental condition at the time he executed the will.
The petition substantially meets the requirements of the statute, 58 O.S. 1961 § 61: See, In re Estate of Hildebrand, supra; In re Felgar's Estate, supra (p. 461, 249 P.2d).
Proponent complains that the district court erred in admitting certain transcripts of evidence taken in proceedings held before the county court. This action of the trial court, we are urged, was contrary to Art. 7 § 16, of the Oklahoma Constitution which is said to unequivocally grant the parties the right to a trial de novo in all probate appeals from the county to the district court. The cited constitutional provision is prefaced by the words, "Until otherwise provided by law" and thus gives the legislature a plenary power to regulate the procedure governing appeals in all cases arising under the probate jurisdiction of the county court. Under the provisions of 58 O.S. 1961 § 734, "When the appeal is on questions of law alone * * *", "* * * so much of the evidence as may be necessary to explain the grounds, *857 and no more, may be certified into the appellate (district) court" from the county court. Contestants' appeal in the present cause was solely on questions of law. Consistent with the provisions of the cited enactment, the question of law sought to be reviewed could be presented by them on transcripts of evidence taken in the county court. Since contestants were also privileged to introduce only "so much" of the evidence as necessary to their contentions, there is no basis here for proponent's assertion that the transcripts introduced in the district court were inadmissible because they were incomplete.
But even if, as proponent argues, he was entitled to a trial de novo on all the issues, the transcripts asserted to be objectionable would nevertheless be deemed to have been properly received in evidence under the provisions of 20 O.S. 1961 § 115, "as testimony taken in the cause by deposition". The record before us does not affirmatively show, and the objections made by proponent in the trial court do not specifically disclose, that these transcripts were subject to rejection under the rules governing depositions. 20 O.S. 1961 § 115; Creger v. Brooks, 89 Okl. 127, 213 P. 547.
We next advert to the evidence. In this connection proponent argues want of proof to show exertion of such undue influence upon the testator as would indicate total destruction of a free agency on his part. On the other hand, contestants argue on their cross-appeal that (a) the will was not executed and attested in the manner and form prescribed by law; (b) the testator was incompetent to execute a will; (c) the trial court erred in not holding the will invalid in toto for undue influence found to have been practiced upon the testator.
The contest of a will presents a matter of equitable cognizance. Consistent with the principles of appellate review in equity, this court does, on appeal of a will contest, weigh the evidence, but the judgment of the trial court will not be disturbed unless clearly against the weight of the evidence. Mason v. Mohs, (Okl.), 285 P.2d 219, 222. In a post-probate will contest under the provisions of 58 O.S. 1961 § 61, the burden was on contestants to establish the invalidity of the challenged will. In re Harjo's Estate, 206 Okl. 88, 241 P.2d 373.
The will was prepared in due form by a lay Justice of the Peace. It was executed by the decedent at a neighborhood grocery store and attested in the presence of the testator by the storekeeper and his clerk. It is apparent from the evidence that the testator by his knowing acquiescence did convey to the attesting witnesses the requisite idea that the instrument was his will. This conduct on his part is deemed to be equivalent to an actual request. Howard v. Smith's Estate, (Okl.), 344 P.2d 260; In re Atohka's Estate, (Okl.), 282 P.2d 737. While the evidence discloses that both witnesses did not attest in the presence of each other, this is not regarded as fatal. The attesting witnesses need not attest a will in the presence of each other, and the statute is sufficiently complied with, if the acknowledgment was conveyed to each of the witnesses individually. Moore et al., v. Glover, 196 Okl. 177, 163 P.2d 1003.
The will was executed in substantial compliance with the requirements of the statute, 84 O.S. 1961 § 55.
As to testator's mental condition the testimony shows that, although afflicted with cancer of the liver in an advanced stage, he was able to transact business until nearly the very last day of his life. The attending physician who had the opportunity to observe him until almost the end of his life testified in unequivocal terms that he was mentally alert and capable of comprehending the consequences of his acts.
While there is testimony to the contrary by physicians who concluded from a hypothetical question that decedent's mental competency would have been adversely affected by the state of general toxicity from the cancer condition, we must note that the proponent was assisted here by the presumption of sanity, coupled with evidence *858 of a rational conduct and the testimony of his attending physician. In re Nitey's Estate, 175 Okl. 389, 53 P.2d 215; In re Felgar's Estate, supra. The trial court's determination that testator was competent when he executed his will is not against the clear weight of the evidence.
We are unable, however, to approve the trial court's view that the proponent procured the will by exertion of undue influence over the testator.
Although testator and proponent were, in a sense, closely associated since 1954, the latter had no control or supervision over the manner in which the former conducted his financial matters or even ordinary affairs. Until the very end of his life decedent had been strong-willed, determined and self-reliant. So far as disclosed by the evidence, he did not seek, depend on, or tolerate advice. There is nothing in the record to show that he ever consulted with, or enlisted the aid of, anyone to help him work out the provisions of his will. Although conscious of the plight of his elderly brother and sisters in Czechoslovakia, he doubtless entertained strong and unwavering conviction against leaving to them any part of his estate. Decedent had been sending about $200.00 per year to his relatives in Czechoslovakia. It was apparently his desire that this help be continued after his death, but he preferred to entrust the matter to the discretion of Frank Kriz, Jr. There is some indication that he was dubious of contestants' ability to manage any substantial amount of money. The decedent was also apprehensive that there may be restrictions upon property rights, as well as currency exchange regulations, which would prevent his brother and sisters from obtaining full benefit of the bounty. In any event, it appears that the will, as prepared and executed, is in accordance with the exact wishes of the testator. In re Wheeling's Estate, 198 Okl. 81, 175 P.2d 317, 322.
The evidence concerning the alleged undue influence, viewed in the light most favorable to contestants, it shows at most that on one occasion, shortly before his death, decedent may have expressed dissatisfaction with some of proponent's actions. We find nothing in the voluminous record which would justify a finding that proponent was able to, and did exert, any coercion upon the testator, such as to destroy the latter's will and free agency. On the contrary, we are satisfied from the evidence that a man possessed of testator's qualities of self-reliance and strength of convictions, would be unlikely to let anyone dominate him or permit another person's will to be substituted for his own. The evidence is insufficient to establish undue influence. Peace v. Peace, 149 Okl. 123, 299 P. 451; In re Wilkins' Estate, 199 Okl. 249, 185 P.2d 213; Holliday v. Holliday, (Okl.), 327 P.2d 456.
Suspicion, conjecture, possibility or guess that undue influence has induced a will does not afford a sufficient basis for a finding to that effect. Power, motive and opportunity to exercise undue influence do not alone authorize the inference that such influence has in fact been exerted in procuring the execution of a will. Holliday v. Holliday, supra.
We hold that the trial court's judgment, so far as it determines the will to have been procured by proponent's undue influence, is against the clear weight of the evidence. In re Martin's Estate, (Okl.), 261 P.2d 603; In re Lillie's Estate, 195 Okl. 597, 159 P.2d 542.
Although contestants argue that they did not have sufficient notice of the probate, the record does not disclose any evidence to support this contention. We do not deem the question so raised to require any discussion since contestants entered a general appearance in the post-probate proceedings and were afforded an adequate opportunity to present evidence in opposition to the admission of the will. See, In re Blackfeather's Estate, 54 Okl. 1, 153 P. 839.
*859 Before final disposition of this cause, contestants secured leave to withdraw case made (by which their cross-appeal was brought) and to proceed for its amendment nunc pro tunc before the trial judge acting as special master. By specific direction of this court the range of permissible inquiry in the correction proceedings was confined to the sole issue of establishing and supplying proper contents of what appeared to be a missing page. As later redeposited in this court, the case made purports to be "supplemented" by numerous items of documentary evidence. Over proponent's objection contestants seek consideration of "supplemental" record as properly incorporated into the case made. The exhibits in question were not determined by the trial judge to constitute, nor do they otherwise appear to form, a part of the contents of the missing page. As plainly reflected by the transcript of evidence attached to the original record (upon which the appeal was lodged here by proponent), none of these documents was properly identified in the district court trial and admitted (or treated as being) in evidence; or, after being so identified, was offered in evidence, rejected by the trial court, and then received for the purpose of predicating error on its exclusion.
The principal documents, rejected at the district court trial but now asserted by contestants to warrant our consideration as a part of the case made, consist of certain letters, some of which were allegedly written by the testator. These letters, the record shows, were received in evidence by the county court which admitted them on the theory that their identification had been waived by an agreement or stipulation of counsel. Entered on September 16, 1958, the stipulation in question was "subject to and made under" the provisions of 12 O.S. 1961 § 668; its plain purpose was to avoid a continuance contestants were seeking in the county court hearing upon their post-probate will contest. The stipulation was expressly "conditioned upon the fact that all matters be tried and disposed of" in the county court on October 16, 1958.
A letter cannot be admitted in evidence without being properly identified. National Surety Co. v. Oklahoma Nat. Life Ins. Co., 74 Okl. 27, 165 P. 161. There exists no authority in law for incorporation in the case made of any written or printed instrument which was not properly identified, offered and admitted in evidence. Schetrompf v. Hines, 109 Okl. 263, 235 P. 603, 604.
In Shrout v. Bird, 135 Kan. 218, 9 P.2d 673, it is held:
"An appeal is concerned with and limited to the record made of the trial under review; and the appellate court cannot take into consideration any matters developed in a prior trial or in a companion lawsuit which have not been properly brought into the record under review." (emphasis ours).
None of the items which comprise the documentary proof purporting to "supplement" the case made was properly identified in the district court trial. The trial judge repeatedly admonished counsel for contestants that the proffered exhibits could not be introduced unless they were properly identified. The county court's stipulation had a limited effect and did not operate to relieve contestants of their duty to identify the documents in the district court trial. There was hence no error in their rejection.
The letter exhibits do not rise to the dignity of legal evidence. There exists no authority in law for their incorporation in the case made. It follows that they cannot be considered in the disposition of this cause.
The judgment is affirmed in all parts except as to the determination that the will was procured by means of proponent's undue influence, and the trial court is directed to vacate that portion of the judgment and enter judgment ordering the county court to distribute all the property of the decedent according to the terms of the will of Frank Hess, deceased.
Judgment affirmed in part and reversed in part with directions.
*860 WILLIAMS, C.J., BLACKBIRD, V.C.J., HALLEY, JOHNSON and JACKSON, JJ., and SHIRK, S.J., concur.
BERRY, J., having certified his disqualification in this case, Honorable GEORGE H. SHIRK, Oklahoma City, Oklahoma, was appointed Special Justice in his stead.