## SCHETROMPF v. HINES, Director General R. R., et al.

No. 11976—Opinion Filed April 21, 1925.

1. **Appeal and Error—Motion to Dismiss for Omission of Evidence from Record—When Overruled.**

Where a map or chart is used in the trial of a case for the purposes of demonstration or illustration and is frequently referred or alluded to by witnesses, but the map or chart is never offered or admitted in evidence, the same does not become a part of the record, and a motion to dismiss the appeal, upon the ground that the record does not certain all the evidence, to wit, such map or chart referred to by witnesses, will be overruled.

2. **Trial—Demurrer to Plaintiff's Evidence—When Sustained.**

Where the evidence of the plaintiff discloses the fact that it was a physical impossibility for the acts of the defendant to have caused the injury and damages as alleged in the petition, it is not error for the court, upon demurrer to the evidence being interposed by the defendant, to sustain such demurrer and direct a judgment for defendant.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by J. C. Schetrompf against Walker D. Hines, Director General of Railroads. Judgment for defendants, and plaintiff appeals. Affirmed.

H. M. Adams, for plaintiff in error.

Cottingham, Hayes & McInnis and George M. Green, for defendants in error.

Opinion by RUTH, C. Plaintiff in error, as plaintiff below, instituted this action by filing in the district court of Logan county, his petition against the defendants in error, in which he alleges the railway company, in 1887, constructed its road over a quarter section of land, now owned by plaintiff, and in 1900 the railway company raised and ballasted its roadbed and thereby dammed up the plaintiff's land, filling up and stopping the natural water course which passed along the surrounding country adjacent to said land and over the same, causing the waters to back up on plaintiff's land during a storm in 1918, occasioning damages to plaintiff's alfalfa in the sum of $400, for which he prays judgment.

At the conclusion of the plaintiff's evidence the defendants interposed a demurrer to the evidence, which demurrer was by the court sustained and judgment rendered for defendants and the plaintiff appeals.

Defendants move to dismiss the appeal for the reason the case-made does not contain all the evidence, and cites authorities to such effect.

During the course of the trial a certain plat of plaintiff's land and the railway roadbed appears to have been referred to, and was used for purposes of demonstration or illustrating the topography of the plaintiff's land, but a careful examination of the record fails to disclose the plat or chart was ever offered or admitted in evidence, and consequently is no part of the record, and no authority exists in law for the incorporation in the case-made of any written or printed instrument referred to in the testimony but not offered and admitted in evidence, and the motion to dismiss the appeal upon this ground will be denied.

The plaintiff, Schetrompf, testified that the land upon which he alleges the water backed up and caused the damage was one foot higher than the railway embankment or roadbed, and it is self-evident that if plaintiff's land was higher than the roadbed, the water could not back upon his land, particularly where the evidence discloses that from the roadbed, opposite the plaintiff's property, the lands had a decided downward slope to a creek, and the lands

on the further side of the roadbed from plaintiff's lands were at least five feet lower than plaintiff's land.

Evidence, however, was introduced to show that through the plaintiff's land there was a ditch about 12 feet wide at the top, and from two to two and one half feet deep. The banks were sloping and formed a V shaped ditch.

Plaintiff contends in his brief that:

"Whether plaintiff's land was lower than the railroad embankment, as several witnesses testified, and which no one has determined, or not, they all testified that the channel, the water course, or water way across the same, with its outlet on the defendant's right of way, was lower, and this, the defendant had no right to obstruct." Citing section 5488, Comp. St. 1921; Chi., R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 Pac. 755; Cole v. Mo., K. & O. R. Co. 20 Okla. 227, 94 Pac. 540; 40 Cyc. 568; Moore v. Chicago, B. & Q. Ry. Co. (Ia.) 39 N. W. 390; 33 Cyc. 326-357; 40 Cyc. 659, 661; Willits v. Chi., B. & K. C. R. Co., 21 L. R. A. 608; 9 Ballard on Real Property, section 776; 12 Ballard on Real Property, 632; Cooley on Torts (2nd Ed.) p. 695; Castle v. Reeburgh, 75 Okla. 22, 181 Pac. 297; Mullen v. Lake Drummond C. & W. Co., 61 L. R. A. 833; Drake v. C., R. I. & P. Co., (Ia.) 19 N. W. 215.

With these authorities we are agreed, but they are not applicable to the instant case, as an examination of the facts in each case discloses a different condition from the one now before us. The upper part of this ditch being 12 feet in width and it being unobstructed to a depth one foot, the railroad formed a spillway for a volume of water that by mathematical calculation is shown to be approximately ten times greater than that retained in the lower foot of this V shaped ditch, and the evidence discloses the railway company had dug a ditch alongside its embankment to take care of surface water, and expended considerable time and money in keeping this ditch open, and as all the plaintiff's land, according to his testimony, was one foot higher than the railway track, the track formed a spillway for surface water from the plaintiff's land.

True it is, some of the witnesses, farmers in that vicinity, testified that plaintiff's land was lower than the railway roadbed, and counsel asks us to disregard the plaintiff's testimony that it was one foot higher than the roadbed. This we are not at liberty to do.

The plaintiff worked for the railway company about 19 years, and prepared estimates of cost of construction of various improvements for the general foreman of the bridge-building office at Arkansas City, and with his experience we feel he was better qualified to know whether his land was above or below the railway roadbed than were the other witnesses.

It is further contended that the defendants, in cleaning out the ditches alongside the embankment, threw the dirt therefrom on the right of way, forming large mounds of earth that obstructed the flow of water, but plaintiff's evidence discloses defendants caused spaces to be left between these piles or mounds of earth from three to four times wider than the top of the plaintiff's drainage ditch, amply providing an efficient spillway for water from plaintiff's land.

There is some evidence of the plaintiff having dug a ditch on this land, but there is nothing in the record to show whether this drainage ditch was deepened by digging or erosion, or whether it was of its present depth when the railroad was constructed, or not, and that question is not before us.

There is no conflict in the evidence relative to all the sand washed on plaintiff's alfalfa field having been washed down from the high lands of the plaintiff, where the rocks have been completely denuded of all soil, and a very careful examination of all the plaintiff's evidence fails to disclose any material competent evidence reasonably tending to sustain the allegations of the plaintiff's petition, and it was not error in the court to sustain a demurrer thereto.

"It is not error to sustain a demurrer to the evidence on behalf of a part of the defendants, when there is no evidence tending to prove a cause of action against them." Barnes v. Davis, 30 Okla. 511, 120 Pac. 275.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 142, § 1760 (2) 38 Cyc. p. 1547.