## UNION GRADED SCHOOL DISTRICT NO. 5, CREEK COUNTY, v. FORD.

No. 23358. Oct. 30, 1934.

Leroy J. Burt, for plaintiff in error.

George B. Coryell, Jr., for defendant in error.

McNEILL, J. This action seeks to recover a judgment against union graded school district No. 5, Creek county, Okla., for basket balls, shirts, pants, and goal nets, score books, watt lamps, alleged to have been sold to the school district at the request of the superintendent of schools of said district. Defendant in error, being the plaintiff below, instituted an action against said school district in the justice court in and for the city of Bristow, Creek county, Okla. Plaintiff alleged that on or about the 12th and 21st of November, 1929, at the instance and request of said school district, he purchased said goods in the sum of $54.15 for said school district, and that the same remains due and unpaid.

Judgment was rendered in the justice court in favor of said plaintiff, and an appeal was taken to the county court of said county. The school district, by leave of court, filed an answer in the county court setting

up a general denial; and further alleged that for the fiscal year 1929-1930 the excise board of said county made no appropriation for said school district for basket ball equipment or the supplying of other athletic material, and that any order made by the school board for such supplies or material was void and contrary to the provisions of section 26, art. 10, of the Constitution of the state of Oklahoma, which provision is as follows:

"No county, city, town, township, school district, or other political corporation or subdivision of the state shall be allowed to become indebted, in any manner for any purpose to any amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at any election to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness. * * *"

Said school district further alleged that no election was held in said school district for said fiscal year 1929-1930 for the purpose of exceeding the indebtedness provided by the excise board for said fiscal year, and that the plaintiff by said claim seeks to secure a judgment for said goods, wares, and merchandise for which no appropriation was made, and for a purpose not authorized in the approved budget for said district for said fiscal year.

The case was tried to the jury and a verdict rendered in favor of said plaintiff for the amount sued for, and the court rendered judgment accordingly on the verdict. From that judgment the school district has perfected its appeal to this court. The school district presents the following assignments of error:

"First. In overruling the demurrer of the defendant to the evidence of the plaintiff after the plaintiff had introduced his evidence and rested.

"Second. In overruling defendant's motion for new trial.

"Third. In giving certain instructions, and refusing to give instruction submitted by the defendant.

"Fourth. In admitting certain evidence offered by the plaintiff over the objections of defendant.

"Fifth. In refusing certain competent and legal evidence offered on the part of the defendant."

We need consider but one proposition, and that is whether there was no appropriation for the purchase of goods set out in the plaintiff's claim. The excise board of Creek county made an appropriation for said school district No. 5, as follows:

"Salaries of teachers, $8,032.45; library and school apparatus, $250; instructional supplies, $100; janitor salary $550; janitor's supplies, $200; lights and fuel and water $800; maintenance of buildings and grounds $800; insurance, $200; interest on warrants, $----; furniture and fixtures, $300; total appropriation for general fund, $11,532.45."

It is not disputed that the aforesaid supplies, unless it be the 8-watt light bulbs, were for athletic goods which were used in furtherance of the athletic activities of said school, and that they were ordered by the superintendent of the schools. As to the 8-watt light bulbs, the record is silent for what purpose they were purchased. There is nothing to show where they were used, or that they ever were used. It is apparent that athletic supplies cannot be considered to come within the appropriations designated above by the excise board.

In the case of Dougherty-Nichols Construction Co. v. Town of Jenks, 115 Okla. 104, 242 P. 167, the syllabus reads as follows:

"Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law; and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their peril.

"One who demands payment of a claim against a city must show some statute authorizing it, or that it arose from some contract express or implied, which finds authority in law, and it is not sufficient that services performed, for which payment was claimed, were beneficial."

There was no authority for the district to purchase said athletic goods, for the reason that no appropriation had been made by the excise board for such athletic goods. The court should have sustained defendant's demurrer to plaintiff's evidence.

The cause is remanded, with directions to render judgment in favor of the school district.

RILEY, C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and WELCH, JJ., absent.