CAUSEY, STATE AUDITOR, *v.* JONES *et al.*

(Division B.   Nov. 9, 1942.)

[10 So. (2d) 356.   No. 35079.]

Creekmore & Creekmore, of Jackson, for appellant.

498

C. E. Johnson, of Union, J. N. Ogden, of Mobile, Ala., Jacobson, Snow & Covington, of Meridian, and Flowers, Brown & Hester, Robert Burns, Jr., and H. M. Kendall, all of Jackson, for appellees.

Argued orally by **Rufus Creekmore**, for appellant, and by **Robert Burns, Jr.**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Owing to the consequences of the recent financial depression, the County of Newton was in default of many, if not most, of its county and district bonds, amounting to about $234,000. Because thereof its credit was greatly impaired and suits were being filed against it to compel additional levies to meet the obligations of the defaulted issues. In this situation the board of supervisors decided to avail of the provisions of the General Refunding Act of 1934, Chap. 143, Laws 1934. Such a volume and complication of records were involved, and the advisability of availing of the assistance of persons expert in the business of bond refunding and who, for the essential contacts, had an accredited standing in the business world, was deemed so manifest, that the board, acting under the provisions of Section 9 of the Act, which conferred "all powers necessary to be exercised . . . in order to carry out the provisions of this act," employed the Tennessee Securities Company to aid the board in making the necessary compilations and analyses and thereupon in devising and carrying out a broad and feasible refunding program for the rehabilitation of the county's financial structure. The company rendered the aid throughout both in services and expenses paid, and by means thereof the desired end was fully and efficiently accomplished. The board paid the company for its services and in reimbursement of expenses a total of $5,251.51;

and this suit is by the State Auditor against the members of the board and their bonds, under Section 259, Code 1930, the contention being that the board was not authorized to employ such aid and that the payments therefor were to an object not authorized by law.

The contention brings to mind the most important, perhaps, among all the cases in the judicial history of this country, McCulloch v. Maryland, 17 U. S. 316, 416, 4 Wheat. 316, 4 L. Ed. 579. In the statute now under consideration, the means and measures which the board was authorized to employ in the accomplishment of the purpose in hand are comprehended solely in the quoted clause that it shall have "all powers necessary,"—the legislature made no attempt to go into details in that respect.

The word "necessary" is not one of fixed and inflexible meaning. It may in a particular connection denote something indispensable, and in another something reasonably useful and proper. An examination of a sufficient number of the many cases in which the word has been used in conferring powers on administrative boards will disclose that in a few such cases it has been declared that an indispensable necessity is the criterion, but the majority holds that it includes means and measures which are reasonably useful and appropriate. See 28 Words and Phrases, Perm. Ed., p. 161 et seq.

Looking to the statute and the particular section thereof here before us, and taking into consideration the various and difficult situations for which it was intended to afford relief, we are of the opinion that the words "all powers necessary," as used therein, are not to be interpreted as authorizing only the means and measures which are absolutely necessary but as including all reasonably appropriate and useful means to the end to be accomplished and which, in the judgment of the board will most advantageously effect it. Compare Kay County

Excise Board v. Atchison, etc., R. Co., 185 Okl. 327, 91 P. (2d) 1087.

Applying this definition to the stated facts, it follows that the board acted here within the authority conferred on it; that the appropriations were to an object authorized by law, and that there is no cause of action against the board members.

Affirmed.