Boards of Education — Travel Expenses A board of education may legally pay the expenses of one or more of its members to attend the National School Administrators Convention and the National School Boards Association Convention both held outside Oklahoma if such attendance is necessary and is authorized by such board of education. However, since the National School Administrators Convention is not the official convention of school board members, attendance at this convention should not only be necessary, but useful, appropriate, and conducive to the maintenance and operation of a complete public school system in the particular district. The Attorney General has had under consideration your recent letter in which you inquire as follows: 1. May a board of education legally pay the expense of one or more of its members to the National School Administrators Convention held outside Oklahoma if such attendance was authorized by the board o education? 2. May a board of education legally pay the expense of one or more of its members to the National School Boards Association Convention held outside Oklahoma if such attendance was authorized by the board of education?" Title 70 O.S. 4-2 [70-4-2] (1961), specifies the powers of the board of education of each school district and provides in pertinent part as follows: "The Board of Education of each school district shall have power to . . . maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts; . . . to incur all expenses, within the limitations provided by law necessary to carry out and fulfill all powers herein granted, . . . and pay necessary travel expenses of members of the board of education; . . ." (Emphasis added) This statute affirmatively indicates that the board of education of each school district can pay necessary travel expenses of members of the board of education. The board must still determine within its own discretion what travel is necessary, suitable, and proper for the needs of the particular school district. In the case of Kay County, Excise Board v. Atchison, T. S.F.R. Co., 185 Okl. 327,91 P.2d 1087, the Supreme Court considered similar statutory provisions and stated in the body of its opinion: "We think it apparent from the above legislative enactment that the Legislature has conferred broad powers upon boards of education of independent school districts. Its powers to conduct a public school system of such character as it 'shall deem best suited to the needs of the school districts' would therefore seem to be extensive and far reaching. There is evident purpose of strong recognition of local self-government and responsibility. There can be little question that thereunder all expenses within legal limits, necessary to carry out such powers, may be incurred and paid from its public school funds. . . . "The vesting of broad powers and discretion in the board of education of independent school districts . . . points readily to the thought that the Legislature did not intend to so restrict such board as to limit expenses only for things indispensable to the maintenance and operation of its public school system; and we conclude that such expenses as are convenient, useful, appropriate, suitable, proper, or conducive to the desired ends of the general program, are authorized to be incurred thereunder, in the discretion of the board, unless otherwise restricted by law. . . ." It is therefore the opinion of the Attorney General that both of your questions should be answered in the affirmative since a board of education may legally pay the expenses of one or more of its members to attend the National School Administrators Convention and the National School Boards Association Convention both held outside Oklahoma if such attendance is necessary and is authorized by such board of education. However, since the National School Administrators Convention is not the official convention of school board members, the answer to your first question should be qualified in that not only such attendance be necessary but also useful, appropriate, and conducive to the maintenance and operation of a complete public school system in the particular district. (Gary F. Glasgow) ** SEE: OPINION NO. 79-101 (1979) **